UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERIK R. BLACK, | ) | 3:07-CV-0562-BES (RAM) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | June 9, 2008 |
| | ) | |
| HOWARD SKOLNIK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE ROBERT A. McQUAID, JR., U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  JENNIFER COTTER          REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff has filed a Motion for Appointment of Counsel (Doc. #16).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to advocate his claims. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra*, 789 F.2d at 1331. The district court exercises discretion in making this finding.

///

MINUTES OF THE COURT
3:07-CV-0562-BES (RAM)
June 9, 2008
Page Two
_____

      Plaintiff's Motion for Appointment of Counsel (Doc. #16) is **<u>DENIED</u>**.

    **IT IS SO ORDERED.**

                                         LANCE S. WILSON, CLERK

                                         By: _____/s/_____
                                                 Deputy Clerk