1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ERIK R. BLACK,                                    )          3:07-CV-562-BES (RAM)
                                                  )
            Plaintiff,                            )          **REPORT AND RECOMMENDATION**
                                                  )          **OF U.S. MAGISTRATE JUDGE**
      vs.                                         )
                                                  )
HOWARD SKOLNIK, et al.,                           )
                                                  )
            Defendants.                           )
_____ )

13        This Report and Recommendation is made to the Honorable Brian E. Sandoval, United

14   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant

15   to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.  Before the court is

16   Defendants' Motion to Dismiss (Doc. #21).  Plaintiff did not file an opposition.  For the reasons

17   discussed below, it is recommended that the District Court grant the motion.

18                                    **I. BACKGROUND**

19        This is an action alleging constitutional claims under 42 U.S.C. § 1983.  Plaintiff

20   commenced this action on November 20, 2007 by filing a motion for leave to proceed in forma

21   pauperis. (Doc. #1). Plaintiff subsequently filed his complaint on January 31, 2008. (Doc. #9.)

22   Defendants filed their motion to dismiss on April 11, 2008. (Doc. #21.)  The court set the

23   deadline to oppose the motion to dismiss for July 15, 2008.  (Doc. #22.)  At a hearing

24   concerning the motion to dismiss held after the expiration of this deadline, the court gave

25   Plaintiff until November 4, 2008 to file his opposition.  (Doc. #21.)  After receiving no

26   submission from Plaintiff, the court extended the deadline a second time to December 1, 2008.

27   (Doc. #29.)  More than two weeks after this deadline passed, Plaintiff made a motion for an

28   extension of time for ninety days, alleging that he was encountering difficulty locating an

1   attorney to represent him.  (Doc. #31.)   The court denied the motion but gave Plaintiff until

2   December 24, 2008 to file his opposition.  Five days after this third deadline expired, Plaintiff

3   instead filed a motion to strike, arguing that he should be allowed to try his case but not

4   challenging the merits of Defendant's motion. (Doc. #32.) At this point in the proceedings, the

5   record reveals that Plaintiff has filed no opposition to the motion to dismiss.

6                                        **II. DISCUSSION**

7          The Local Rules of this court provide that a party's failure to file a memorandum in

8   opposition to a motion constitutes consent to granting the motion.  *See* D.Nev. Local R.

9   9014(d)(3).   The failure to follow the local rules or an order of the court is proper grounds for

10  dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258,

11  1260-61 (9th Cir.1992) (dismissal for failure to comply with an order requiring amendment of

12  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.1988) (dismissal for failure to

13  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone*

14  *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.1987) (dismissal for failure to comply with

15  court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.1986) (dismissal for failure

16  to lack of prosecution and failure to comply with local rules).  Before such a dismissal, however,

17  the court is required to weigh several factors: "(1) the public's interest in expeditious resolution

18  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

19  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

20  availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423; *United States v. Warren*,

21  601 F.2d 471, 474 (9th Cir. 1979).

22         Applying this balancing test, the court finds that the public interest favors granting the

23  motion because Plaintiff has failed to oppose despite being granted multiple extensions of time.

24  The repeated failure to comply with orders and instructions wastes the resources of this court.

25  With respect to the second factor, the need to manage the court's docket in light of the various

26  pressing civil and criminal matters before it favors dismissal.  Plaintiff has prevented his case

27  from moving forward for more than five months.  The third factor favors granting the motion

28  because it would prejudice Defendants to subject them to the burdens of further litigation after

1  Plaintiff has failed to participate in the proceedings.  The fifth factor also favors dismissal, as

2  the court has undertaken the less drastic measure of repeatedly warning Plaintiff that his

3  failure to file an opposition could constitute consent to dismissal.  *Buss v. Western Airlines,*

4  *Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984), *cert. denied*, 469 U.S. 1192 (warning plaintiff that

5  failure to obey a court order will result in dismissal satisfies the requirement the court consider

6  alternatives).

7       The court finds that the motion should be granted.  The interest in disposing the case

8  on its merits is greatly outweighed by the factors favoring dismissal.  Moreover, this ruling does

9  not bar Plaintiff from pursuing his claims in the future.  Even though the courts liberally

10  construe pleadings by pro se plaintiffs, the rules of procedure still apply.  *Ghazali*, 46 F.3d at

11  53 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).  When a litigant does not follow

12  them, the case is properly dismissed.  *Id.*

13                                **III. RECOMMENDATION**

14       **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order

15  **GRANTING** Defendants' Motion to Dismiss (Doc. #21) without prejudice.

16       The parties should be aware of the following:

17       1.       That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the

18  Local Rules of Practice, specific written objections to this Report and Recommendation within

19  ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's

20  Report and Recommendation" and should be accompanied by points and authorities for

21  consideration by the District Court.

22       2.       That this Report and Recommendation is not an appealable order and that any

23  notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the

24  District Court's judgment.

25       DATED:   February 10, 2009.

26

27  _____
    UNITED STATES MAGISTRATE JUDGE

28